IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NAMES PROJECT FOUNDATION,<br><br>    Plaintiff,<br><br>  v.<br><br>MONITOR LIABILITY MANAGERS INC., et al.,<br><br>    Defendants. | No. C 07-00442 CRB<br><br>**ORDER** |

    The Names Project Foundation ("Plaintiff") originally filed this action in San Francisco County Superior Court against Monitor Liability Managers and Carolina Casualty Insurance Company (collectively, "Defendants"). Plaintiff asserted two claims: one for breach of contract, and another for breach of the covenant of good faith and fair dealing. In support of these claims, Plaintiff alleges that Defendants improperly refused to defend against claims asserted against Plaintiff by a third party in another lawsuit. Carolina Casualty Insurance Company ("Carolina Casualty") filed a cross-complaint seeking a declaratory judgment that it owed Plaintiff no duty to defend due to alleged misrepresentations made by Plaintiff. Defendants then removed the case to federal court. Now pending before this Court is Plaintiff's motion to dismiss Carolina Casualty's cross-complaint.

//

//

United States District Court
For the Northern District of California

Here, Plaintiff has filed an independent claim for monetary damages, over which the parties all agree that this Court has jurisdiction. See 28 U.S.C. §§ 1332, 1441. For this reason, under Ninth Circuit law, it would be an abuse of discretion for this Court to refuse to exercise its "virtually unflagging" obligation to exercise jurisdiction over Defendant's counterclaim, which involves precisely the same questions of fact and law. Snodgrass v. Provident Life and Accident Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir.1998) (per curiam) (en banc) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)); see also United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112-14 (9th Cir. 2001). To the extent that the Court actually enjoys discretion to refuse jurisdiction under the Declaratory Judgment Act, see 28 U.S.C. § 2201(a), it declines to exercise that discretion here.

Accordingly, Plaintiff's motion to dismiss Carolina Casualty's cross-complaint for declaratory relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 19, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE